IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG |

**SHORT FORM COMPLAINT AND JURY DEMAND**

The Plaintiffs named herein through Exhibit A file this Short Form Complaint and Jury Demand against Defendants named below by and through their undersigned counsel and as permitted by Case Management Order ("CMO") No. 35. This Short Form Complaint is being utilized, permitted and filed in the interests of judicial economy and takes an abbreviated form. Whether and when there will be non-short form complaints and answer(s) will be the subject of further discussions among counsel and the Court. Plaintiffs' Leadership and Defendants' Leadership have stipulated and agreed that at this time and until further Order of the Court, they will not assert that any Short Form Complaint (1) fails to state a cognizable cause of action, (2) fails to state a claim upon which relief may be granted, (3) fails to plead allegations with sufficient particularity, or (4) any other defenses related to insufficiency of pleadings. Plaintiffs' Leadership and Defendants' Leadership have further stipulated and agreed that until further Order of the Court, they will not file motions pursuant to Rule 12(b)(6) against any filed Short Form Complaints asserting a failure to plead allegations with specificity, or failing to meet the requirements of Fed. R. Civ. P. 8. Motion practice on the individual personal injury Complaints subject to this Order shall be stayed and may proceed only upon leave of Court and with the protections afforded under CMO 35. Use of this Short Form Complaint will not be permitted after the expiration of the Filing Facilitation Window as set forth by this Court in CMO 35.

1

## Plaintiffs

1. Plaintiffs listed in attached Exhibit A allege exposure to Perfluoroalkyl and Polyfluoroalkyl Substances ("PFAS") due to Aqueous Film-Forming Foam ("AFFF").  As a result of exposure to AFFF, Plaintiffs (and/or Decedents) endured pain and suffering, emotional distress, mental anguish, economic injuries, and personal injuries as described below.

2. Plaintiffs allege the plaintiff-specific information listed in Exhibit A.

## Defendants

3. Plaintiffs bring suit against the following defendants (list all defendants being named):

| Defendant 1 | 3M Company (f/k/a Minnesota Mining and Manufacturing Company) |
|---|---|
| Defendant 2 | AGC Chemicals Americas Inc. |
| Defendant 3 | All Star Fire Equipment Company |
| Defendant 4 | Amerex Corporation |
| Defendant 5 | Archroma U.S., Inc. |
| Defendant 6 | Arkema, Inc. |
| Defendant 7 | BASF Corporation |
| Defendant 8 | Buckeye Fire Equipment Company |
| Defendant 9 | Carrier Fire & Security Americas Corporation (f/k/a UTC Fire & Security Americas Corporation, Inc.) |
| Defendant 10 | Carrier Global Corporation |
| Defendant 11 | CB Garment, Inc. |
| Defendant 12 | ChemDesign Products, Inc. |
| Defendant 13 | Chemguard, Inc. |
| Defendant 14 | Chemicals Incorporated |
| Defendant 15 | Chubb Fire LTD |
| Defendant 16 | Clariant Corporation |
| Defendant 17 | Corteva, Inc. |
| Defendant 18 | Daikin America, Inc. |
| Defendant 19 | Deepwater Chemicals, Inc. |
| Defendant 20 | DuPont De Nemours, Inc. (f/k/a Dow DuPont, Inc.) |
| Defendant 21 | Dynax Corporation |
| Defendant 22 | EDIP, Inc. (f/k/a E.I. Du Pont De Nemours and Company) |
| Defendant 23 | Fire-Dex, LLC |
| Defendant 24 | Globe Manufacturing Company LLC |
| Defendant 25 | Honeywell Safety Products USA, Inc. |
| Defendant 26 | Innotex Corp. |

| | |
|---|---|
| Defendant 27 | Kidde PLC, Inc. |
| Defendant 28 | L.N. Curtis & Sons |
| Defendant 29 | Mallory Safety and Supply LLC |
| Defendant 30 | Mine Safety Appliances Co., LLC |
| Defendant 31 | Municipal Emergency Services, Inc. |
| Defendant 32 | Nation Ford Chemical Company |
| Defendant 33 | National Foam, Inc. |
| Defendant 34 | PBI Performance Products, Inc. |
| Defendant 35 | Perimeter Solutions, LP |
| Defendant 36 | Raytheon Technologies Corporation |
| Defendant 37 | Ricochet Manufacturing Co., Inc. |
| Defendant 38 | Safety Components Fabric Technologies, Inc. |
| Defendant 39 | Southern Mills, Inc. |
| Defendant 40 | Stedfast USA, Inc. |
| Defendant 41 | The Chemours Company |
| Defendant 42 | Chemours Company FC, L.L.C. |
| Defendant 43 | Tyco Fire Products L.P. |
| Defendant 44 | United Technologies Corporation (n/k/a RTX Corporation) |
| Defendant 45 | UTC Fire & Security Americas Corporation, Inc. |
| Defendant 46 | Veridian Limited |
| Defendant 47 | W.L. Gore & Associates, Inc. |
| Defendant 48 | Witmer Public Safety Group |

## Jurisdiction and Venue

4. Plaintiff alleges jurisdiction based on:

    ☐   Diversity

    ☒   Federal Question

    ☐   The "Mass Action" provisions of the Class Action Fairness Act ("CAFA"), which include the requirements under 28 U.S.C. § 1332(d)(11)

    ☐   Other: _____.

5. Plaintiffs designate the District Courts indicated on Exhibit A as the "Home Venue" defined as the proper venues of origin where the claim(s) could have overwise been brought pursuant to 28 U.S.C. § 1391.

## Plaintiff's Allegations of Exposure

3

6. Plaintiffs allege exposure to PFAS, as described in Exhibit A, as a result of:

   - Direct exposure to AFFF (i.e. use or handling of AFFF); and/or

   - Exposure to drinking water contaminated with PFAS as a result of AFFF; and/or

   - Exposure to turnout gear ("TOG") containing PFAS.

The specific exposure alleged by each plaintiff is indicated in Exhibit A.

### Plaintiff's Alleged Injuries

7. Plaintiffs allege one more of the following personal injuries as described in Exhibit A:

   Kidney Cancer
   Testicular Cancer
   Thyroid Disease
   Ulcerative Colitis
   Liver Cancer
   Thyroid Cancer

8. Plaintiffs have not described or alleged secondary injuries, damages, or sequela of the injuries alleged above. Plaintiffs reserve the right to seek damages for all such secondary injuries, damages, or sequela attributable to the injuries alleged above.

### Causes of Action

9. The specific causes of action Plaintiff(s) can adopt(s) and incorporate(s) by reference as if set forth fully herein, are the following Causes of Action, of which each Plaintiff on Exhibit A adopts and alleges such Causes as indicated on Exhibit A:

   Count I – Defective Design
   Count II – Failure to Warn
   Count III – Negligence
   Count IV – Negligence Per Se
   Count V – Trespass and Battery
   Count VI – Strict Product Liability
   Count VII – Market Share Liability, Alternative Liability, Concert of Action, and Enterprise Liability
   Count VIII – Concealment, Misrepresentation, and Fraud
   Count IX – Conspiracy
   Count X – Wrongful Death

Count XI – Loss of Consortium

Other Causes of Action:
Count XII –     Gross Negligence_____
Count XIII –    Negligent Misrepresentation_____
Count XIV –     Willful & Wanton Misconduct_____
Count XV –      Punitive Damages_____
Count XVI –     Tolling of the Statute of Limitations – Discovery Rule & Fraudulent Concealment
Count XVII – _____
Count XVIII – _____
Count XIX – _____
Count XX – _____
Others
_____
_____
_____

## Jury Demand

10. Plaintiffs demand a trial by jury as to all claims in this action.

Date: September 2, 2025

                                                      Respectfully submitted,

                                                      **SHRADER & ASSOCIATES, LLP**

                                                      /s/A. Layne Stackhouse_____
                                                      A. Layne Stackhouse
                                                      (KY#94038)
                                                      9 Greenway Plaza, Suite 2300
                                                      Houston, TX 77046
                                                      P: (713) 782-0000 / F: (713) 571-9605
                                                      layne@shraderlaw.com
                                                      ***Counsel for Plaintiffs on Exhibit A***

**Exhibit A to Short Form Complaint in** *In re: Aqueous Film-Forming Foams Products Liability Litigation*, **MDL 2873**[1]

|  | Plaintiff Name *(if injured party is deceased or incapacitated, style as "Plaintiff Name o/b/o Injured/deceased Party Plaintiff Name"*[2] | DOB (of injured party) | State of Residence | Home venue (per ¶ 5) | Direct Exposure to AFFF (per ¶ 6) | Exposure to Contaminated Drinking Water | Firefighter Turnout Gear | Alleged Injury/ies (per ¶ 7) (only include: kidney cancer; testicular cancer; thyroid disease; ulcerative colitis; liver cancer; and/or thyroid cancer) | Causes of Action (please indicate via Count number) (per ¶ 9) |
|---|---|---|---|---|---|---|---|---|---|
| 1. | Barbour, Hugh | 07/09/1954 | NC | ED of NC | N | Y | Y | Liver cancer | I-IX; XII-XVI |
| 2. | Brown, Kassondra | 10/02/1992 | NY | ED of NY | Y | Y | Y | Kidney cancer | I-IX; XII-XVI |
| 3. | Callahan, Clifford | 06/21/1965 | VA | SD of OH | N | Y | Y | Kidney cancer | I-IX; XII-XVI |
| 4. | Coleman, Anthony | 09//24/1973 | MA | D of MA | Y | Y | Y | Kidney cancer | I-IX; XII-XVI |
| 5. | Davis, Andrea | 02/08/1987 | FL | MD of FL | Y | Y | Y | Kidney cancer | I-IX; XII-XVI |
| 6 | Green, Gregory | 05/18/1957 | AK | D of AK | Y | Y | Y | Kidney cancer | I-IX; XII-XVI |
| 7. | Hawkins, Ross | 07/30/1950 | TN | ED of TN | Y | Y | Y | Kidney cancer | I-IX; XII-XVI |
| 8. | Herman, Dennis | 08/18/1946 | AZ | CD of CA | N | Y | Y | Kidney cancer | I-IX; XII-XVI |
| 9. | Kirby, Donald | 11/24/1957 | MA | D of MA | Y | Y | Y | Kidney cancer | I-IX; XII-XVI |
| 10. | Lefevre, Ronald | 12/16/1962 | NY | ED of NY | Y | Y | Y | Kidney cancer | I-IX; XII-XVI |
| 11. | Lewgood, David | 02/23/1970 | GA | ND of GA | Y | Y | Y | Testicular cancer | I-IX; XII-XVI |
| 12. | Lloyd, Conell | 03/05/1975 | NC | WD of NC | Y | Y | Y | Testicular cancer | I-IX; XII-XVI |
| 13. | Murdock, Howard | 02/14/1943 | FL | MD of FL | N | Y | Y | Kidney cancer | I-IX; XII-XVI |
| 14. | Pinckney, Jerome | 10/09/1988 | NJ | D of NJ | Y | Y | Y | Testicular cancer | I-IX; XII-XVI |
| 15. | Sims, Brandon | 09/21/1985 | MS | SD of MS | Y | Y | Y | Kidney cancer | I-IX; XII-XVI |
| 16. | Van Pelt, William | 10/18/1955 | NY | SD of NY | Y | Y | Y | Kidney cancer | I-IX; XII-XVI |
| 17. | | | | | | | | | |
| 18. | | | | | | | | | |
| 19. | | | | | | | | | |

---

[1] Plaintiffs must be listed alphabetically by last name first, then first name. For example: Doe, John.

[2] No more than 150 plaintiffs may be listed. A spousal plaintiff with a loss of consortium claim is considered and will count as a separate plaintiff for this purpose, and the spouse should be listed beneath the plaintiff whose alleged injury gives rise to the spouse's claim/s.

|  | Plaintiff Name *(if injured party is deceased or incapacitated, style as "Plaintiff Name o/b/o Injured/deceased Party Plaintiff Name"[2]* | DOB (of injured party) | State of Residence | Home venue (per ¶ 5) | Direct Exposure to AFFF (per ¶ 6) | Exposure to Contaminated Drinking Water | Firefighter Turnout Gear | Alleged Injury/ies (per ¶ 7) (only include: kidney cancer; testicular cancer; thyroid disease; ulcerative colitis; liver cancer; and/or thyroid cancer) | Causes of Action (please indicate via Count number) (per ¶ 9) |
|---|---|---|---|---|---|---|---|---|---|
| 20. | | | | | | | | | |
| 21. | | | | | | | | | |
| 22. | | | | | | | | | |
| 23. | | | | | | | | | |
| 24. | | | | | | | | | |
| 25. | | | | | | | | | |
| 26. | | | | | | | | | |
| 27. | | | | | | | | | |
| 28. | | | | | | | | | |
| 29. | | | | | | | | | |
| 30. | | | | | | | | | |
| 31. | | | | | | | | | |